## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MATTHEW CRANE,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.   3:20cv30159** |
| ) | |
| **JOSEPH KOZLOWSKI,** ) | |
| **ERIC ORTIZ, MICKEY DUMAIS,** ) | |
| **JOSEPH BRUNELLE,** ) | |
| **CHICOPEE POLICE** ) | |
| **DEPARTMENT and** ) | |
| **THE CITY OF CHICOPEE,** ) | |
| **Defendants** ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Matthew Crane, of Springfield, Massachusetts, is and was a resident of the Commonwealth of Massachusetts and the United States of America at all times referred to in this complaint.

2. Defendant, Joseph Kozlowski, is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Chicopee as a police officer with the Chicopee Police Department.

3. Defendant, Eric Ortiz, is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Chicopee as a police officer with the Chicopee Police Department.

1

4. Defendant, Mickey Dumais, is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Chicopee as a police officer with the Chicopee Police Department.

5. Defendant, Joseph Brunelle, is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Chicopee as a police officer with the Chicopee Police Department.

6. Defendant, City of Chicopee, is a municipal corporation located within Hampden County, the Commonwealth of Massachusetts and the United States of America with its principal office located at 17 Springfield Street in Chicopee, Massachusetts.

7. Defendant, Chicopee Police Department, is a duly incorporated municipality with a usual place of business located at 110 Church Street in Chicopee, Massachusetts.

8. All individual defendants are being sued individually and in their official capacities.

9. At all times referred to in this complaint, the individual defendants were acting as employees, agents, or servants of the defendant, City of Chicopee.

10. At all times referred to in this complaint, the individual defendants were acting under color of state law.

11. At all times referred to in this complaint, the individual defendants were engaged in a joint venture.

## JURISDICTION

12. Plaintiff's action for violations of rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution is brought pursuant to the provisions of 42 U.S.C. § 1983.

13. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 (Federal Question) and 1343 (Civil Rights).

## VENUE

14. This action has been brought properly in the Western District Court for the District of Massachusetts under 28 U.S.C §§ 1391(b)(1) and (2) in that the events at issue in this case arose and transpired in the Western Division of the District of Massachusetts and all of the parties reside in the Western District under L.R. 40.1(c).

15. The incidents giving rise to this action occurred near 670 Broadway Street in Chicopee, Massachusetts on October 6, 2018 from about 1:45 a.m. to about 3:00 a.m.

16. The incidents resulted in the filing of a criminal complaint against plaintiff, Chicopee District Court Docket Number 1820CR1589, based upon seven separate criminal charges brought against plaintiff by defendant, City of Chicopee.

17. At a trial held on January 30, 2020 in the Chicopee District Court, plaintiff was acquitted by a jury of his peers, along with many of his charges being disposed of by way of a nolle prosequi or required finding of not guilty at the close of the Commonwealth's case.

18. In the morning of October 6, 2018, defendant Kozlowski was patrolling his cruiser while on duty for defendant City of Chicopee, when, at approximately 1:45 a.m., he passed by plaintiff on his motorcycle and three other vehicles (two cars and one other motorcycle) on Grove Street in Chicopee, Massachusetts.

19. Defendant Kozlowski stated under oath at the January 30, 2020 trial ("January trial") that he "had some gut feeling like they were going to race or something like that," and proceeded to follow the vehicles.

20. Defendant Kozlowski eventually lost sight of the vehicles but heard a crash and came upon the plaintiff lying in the road, his motorcycle on the ground near him.

21. Defendant Kozlowski admitted that there were no eyewitness accounts to plaintiff's accident.

22. Upon defendant Kozlowski's arrival, he noticed only one of the previous vehicles remained at the scene of plaintiff's accident, with two women outside attempting to tend to the plaintiff.

23. Defendant Kozlowski did not ask the names of the two women, nor the whereabouts of the other two vehicles, which to this day, are unknown.

4

24. Defendant Kozlowski admitted at the January trial that at this point in time he did not have probable cause to believe a crime had been committed.

25. Defendant Kozlowski walked over to plaintiff, who was sitting up, and attempted to hold plaintiff down by placing his hands on plaintiff's shoulders.

26. Plaintiff did not speak to Defendant Kozlowski, and instead tried to leave defendant Kozlowski's grasp.

27. Defendant Kozlowski, still without probable cause, detained plaintiff by placing him in an "escort position" which is a defensive tactic used by police. Defendant Kozlowski demonstrated this in court during the January trial.

28. Defendant Kozlowski stated at the January trial that plaintiff was not free to go because of "...you know, just his demeanor," however plaintiff was not placed under arrest.

29. Plaintiff was able to break free from having his arm pulled behind his back, which prompted Defendant Kozlowski to "football tackle" plaintiff.

30. At this time plaintiff was still not placed under arrest.

31. In an around the time that plaintiff was placed in the escort position, Defendant Ortiz arrived on scene.

32. Defendants Ortiz and Kozlowski held plaintiff and prevented him from moving freely in a position "similar to the escort position where your arms at a double 90 – 90-degree angle behind you."

33. Plaintiff told defendants Kozlowski and Ortiz that he had to go to the bathroom.

34. Defendants Kozlowski and Ortiz denied plaintiff the ability to use the restroom.

35. Plaintiff broke free from the grasp of defendants Kozlowski and Ortiz (still not under arrest) and then defendant Kozlowski performed an "arm bar takedown" which he described in the January trial as "it's a defensive tactic where – or it's a use of force where, if someone's actively resisting, they're not free to go. You're able to still maintain the escort position, and it's a simple arm movement and then a tricep roll to the ground. And it's pretty smooth."

36. Defendant Kozlowski's reasoning for restraining, football tackling and conducting an arm bar takedown on plaintiff was "community caretaking", stating "you know, safety of the public, safety of the person."

37. Defendant Kozlowski admitted on cross-examination that prior to the "football tackle," he had conducted at least one "two-man arm bar takedown" of the plaintiff.

38. Defendant Dumais arrived at some point while defendants Ortiz and Kozlowski were attempting to take the plaintiff down (still not under arrest).

39. Defendant Dumais stated that he saw defendant Kozlowski trying to pin the plaintiff to the ground.

40. Defendant Dumais then assisted defendants Ortiz and Kozlowski in pinning plaintiff to the ground, stating "He continued to try to pull away, which we had to take him to the ground." Plaintiff had still not been placed under arrest.

41. Defendant Dumais stated that the reason was that "we were trying to get him to seek medical attention."

42. Defendant Dumais stated that defendant Brunelle was also involved in trying to bring plaintiff to the ground.

43. Defendants Dumais, Ortiz and Kozlowski all stated that a firearm fell from plaintiff's person.

44. Prior to the time defendants state a firearm fell from plaintiff's person, plaintiff had been forcefully restrained, tackled, taken down by an "arm-bar" or otherwise subdued at least five times.

45. Defendant Kozlowski admitted that during three prior takedowns and forceful restraints of the plaintiff, he neither saw, felt nor heard a firearm on plaintiff's person or falling from plaintiff's person.

46. When the criminal charges of possession of a firearm without an FID card and carrying a firearm without a license were presented to the jury in the January trial, plaintiff was found not guilty. Parties in the January trial stipulated to the firearm element of the charges.

47. At no point was plaintiff ever placed under arrest until defendants claim to have seen a firearm.

48. Plaintiff never presented a threat to any of the officers' safety, nor was any evidence ever presented in the January trial to that effect.

49. Defendants Kozlowski, Dumais and Ortiz each gave separate reasons for tackling, taking down and restraining plaintiff during the January trial.

50. Defendants either participated or allowed the continued use of excessive force on plaintiff despite having an obligation and opportunity to prevent and/or stop it from occurring.

51. At all pertinent times, the City of Chicopee, and its' policymakers knew of their legal duty to train, supervise, monitor and discipline members of the City's police force to observe the rights of persons, including their right to be free from the use of unconstitutional excessive force at the hands of the police.

52. At all relevant times, the guidelines established by the City of Chicopee, its police department and its policymakers, recognized the right of an individual to have various Constitutional rights, which should not be infringed upon by the City of Chicopee.

53. At all times, the City of Chicopee, its policymakers and the Chicopee Police Department failed to monitor, train, supervise, control and discipline the individual Defendants in the use of force with such recklessness and gross negligence as to manifest deliberate indifference to the right of persons, including the Plaintiff, to be free from excessive force.

## COUNT I – VIOLATION OF 42 U.S.C § 1983

54. Plaintiff repeats and re-alleges paragraphs 1-53 of this complaint.

55. The aforementioned actions and conduct of the defendants Kozlowski, Ortiz, Brunelle and Dumais violated plaintiff's right to be free from an

8

unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution.

56. As a result of the above-described violation of rights, plaintiff suffered great pain of body and mind and was otherwise damaged.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

57. Plaintiff repeats and re-alleges paragraphs 1-56 of this complaint.

58. The aforementioned actions and conduct of the individual defendants Kozlowski, Ortiz, Dumais and Brunelle violated Plaintiff's rights to be free from the use of unreasonable and excessive force and summary punishment as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

59. As a result of the above-described violation of rights, plaintiff suffered great pain of body and mind and was otherwise damaged.

## COUNT III - VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO RECRUIT, TRAIN, DISCIPLINE AND SUPERVISE (CITY OF CHICOPEE and CHICOPEE POLICE DEPARTMENT)

60. Plaintiff repeats and re-alleges paragraphs 1-59 of this complaint.

61. Prior to October 6, 2018, defendant City of Chicopee developed and maintained policies or customs describing the appropriate conduct of its employees, City of Chicopee police officers with reference to Constitutional rights of persons in the City of Chicopee.

62. Prior to October 6, 2018, the Chicopee Police Department adopted the policies and customs developed by the City of Chicopee.

63. The named defendants failed to adhere to said policies and customs and demonstrated a deliberate indifference on the part of the City of Chicopee and the Chicopee Police Department and were the cause of a violation of the plaintiff's rights alleged herein.

64. The City and the Chicopee Police Department have failed to maintain a minimally appropriate recruitment and training program to recruit and train Chicopee Police Officers and supervisors to: refrain from abusing their authority by means of abusing citizens and using excessive force, to profile and subsequently attack citizens based on race, to refrain from colluding or enabling officers to abuse their authority, to author honest and/or complete police reports and to diligently investigate.

65. As a direct and proximate result of the above-described violation of rights, plaintiff suffered great pain of body and mind and was otherwise damaged.

## COUNT IV – ASSAULT AND BATTERY
## (KOZLOWSKI, ORTIZ, BRUNELLE, DUMAIS)

66. Plaintiff repeats and re-alleges paragraphs 1-65 of this complaint.

67. The aforementioned actions of defendants Kozlowski, Ortiz, Brunelle and Dumais constituted an intentional unconsented offensive touching without privilege and as such, assault and battery as defined under the common law of the Commonwealth of Massachusetts.

68. As a direct and proximate result of the aforementioned behavior of defendants Kozlowski, Ortiz, Brunelle and Dumais, plaintiff suffered great pain of body and mind and was otherwise damaged.

## COUNT V – INTENTIONAL ASSAULT AND BATTERY
### (KOZLOWSKI, ORTIZ, BRUNELLE AND DUMAIS)

69. Plaintiff repeats and re-alleges paragraphs 1-68 of this complaint.

70. The aforementioned actions of defendants Kozlowski, Ortiz, Brunelle and Dumais were intentional acts of assault and battery conducted independently and jointly as defined under the common law of the Commonwealth of Massachusetts.

71. As a direct and proximate result of the aforementioned behavior of defendants Kozlowski, Ortiz, Brunelle and Dumais, plaintiff suffered great pain of body and mind and was otherwise damaged.

## COUNT VI – VIOLATION OF 42 U.S.C 1983

72. Plaintiff repeats and re-alleges paragraphs 1-71 of this complaint.

73. Defendant, City of Chicopee, has drafted and implemented an unconstitutional policy by creating an atmosphere among all police defendants that has allowed the aforementioned actions.

74. Defendant, City of Chicopee, is directly responsible for policies that do not discourage its employees from assaulting citizens.

75. As a result of this status, defendant City of Chicopee had supervisory responsibility over all police defendants.

11

76. Defendant City of Chicopee, through its police department, has failed to appropriately recruit and train sworn officers in a manner that would prevent officers from physically assaulting falsely imprisoning citizens.

77. As a result of the actions by the City of Chicopee, plaintiff suffered great pain of body and mind and was otherwise damaged.

WHEREFORE, plaintiff requests this Honorable Court enter judgment against the defendants jointly and severally on all counts of this complaint and:

a) Award compensatory damages;

b) Award punitive damages;

c) Award interest and costs of this action to plaintiff;

d) Award attorney fees to plaintiff; and

e) Award such other relief which this Court deems just and proper.

## PLAINTIFF DEMANDS A JURY TRIAL

Dated: September 29, 2020

Respectfully submitted,

Plaintiff, by his attorneys:

_____/s/_____
Ryan P. McLane, Esq – BBO 697464
McLane & McLane, LLC
975-A Springfield Street
Feeding Hills, MA 01030
(p) (413) 789-7771
(f)  (413) 789-7731
ryan@mclanelaw.com

_____/s/_____
John B. Stewart, Esq – BBO 551180
Murphy & Manitsas, LLP
20 Maple Street, Suite 301
Springfield, MA 01103
(p) (413) 206-9134
(f)  (413) 733-4403
thetrialer@aol.com