UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS

Docket No.: 3:20CV30159

MATTHEW CRANE,
Plaintiff,

v.

JOSEPH KOZLOWSKI, ERIC ORTIZ, MICKEY DUMAIS,
JOSEPH BRUNELLE, the CHICOPEE POLICE DEPARTMENT
and the CITY OF CHICOPEE,
Defendants.

**MEMORANDUM OF LAW OF THE DEFENDANTS, CITY OF CHICOPEE,
CHICOPEE POLICE DEPARTMENT and MICKEY DUMAIS,
IN SUPPORT OF THEIR MOTION TO DISMISS**

*1. Introduction.*

The City of Chicopee ("Chicopee"), the Chicopee Police Department and Mickey

Dumais ("Dumais"), the defendants in this matter, have moved, pursuant to Fed. R. Civ.

P. 12(b)(6)), that the court dismiss several of the claims asserted against them.

Specifically, in the motion,

a.      Dumais seeks dismissal of all claims asserted against him in his

official capacity;

b.      Dumais seeks dismissal of all claims asserted against him for intentional

assault and battery, being all of the claims asserted against it in Counts V;

c.      the Chicopee Police Department seeks dismissal of all claims against it,

being all of the claims asserted against it in Counts III and VI;

1

d.      Chicopee seeks dismissal of the § 1983 *Monell* claims asserted against it, being all of the claims asserted against it in Counts III and VI.

### 2. Relevant Circumstances Alleged.

This is an action brought pursuant to 42 U.S.C., § 1983, arising out of an incident of alleged police misconduct occurring on October 6, 2018. In his First Amended Complaint ("the Complaint"), effective upon the June 22, 2021 allowance of his motion to amend his original complaint, the plaintiff, Matthew Crane, sets forth the following facts pertinent to this motion. The plaintiff was involved in a motorcycle crash in Chicopee. He claims generally that the individual defendants, police officers employed the City of Chicopee, while investigating the crash, participated in unlawfully pinning the plaintiff on the ground, using unlawful and excessive physical force upon him and causing him physical injury. Against this backdrop, the facts alleged, pertinent to each claim on which dismissal is sought, are addressed *seriatim*.

### 3. Rule 12(b)(6) Standard.

When a motion under Rule 12(b)(6) is on the table, dismissal of "a claim for relief in any pleading" is required where the pleading fails "to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, a court must "assume the truth of all well-plead facts and give the plaintiff[ ] the benefit of all reasonable inferences therefrom." *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010). To withstand the analytic test, the plaintiff must establish that its allegations raise a plausible basis for a fact finder to conclude that the defendants are legally responsible for the claims at issue. *Id.* The Complaint may not consist entirely of "conclusory

allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Consequently, in assessing whether the plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

To avoid dismissal, the Complaint must allege sufficient facts to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (internal citations omitted). "The plausibility standard invites a two-step pavane." *A.G. ex rel. Maddox v. Elsevier, Inc.,* 732 F.3d 77, 80 (1st Cir. 2013) (*citing Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 45 (1st Cir. 201)). First, the Court begins by identifying and disregarding statements in the Complaint that merely offer "'legal conclusion[s] couched as fact[]'" or "[t]hreadbare recitals of the elements of a cause of action." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (brackets in original; citations omitted). Once properly excised, if the remaining factual content "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility. . . . 'The make-or-break

standard . . . is that the combined allegations, taken as true, must state a plausible, not merely a conceivable, case for relief.'" *Id.* (citations omitted).

*4.   Argument.*

*a.   The Official Capacity Claims against Dumais are Not Viable and Should be Dismissed.*

All of the claims asserted by the plaintiff against Dumais, and the other individual officers, are made against them in their individual and their official capacities. (Complaint at ¶ 8).  As to the official capacity claims, these claims are redundant since they are actually claims against the municipality itself. *See Opalenik v. LaBrie*, 945 F.Supp.2d 168, 180 (D.Mass. 2013) (treating official capacity claims against individual officers as redundant of claims against municipalities) (citation omitted); *see also Murphy v. Town of Natick*, 516 F.Supp.2d 153, 158 (D.Mass. 2007) (under state and federal law, an official capacity suit against a police chief is a suit against the municipality itself).

When, as here, a municipality is sued directly, "claims against municipal employees in their official capacities are redundant and may be dismissed." *Diaz-Garcia v. Surillo-Ruiz,* 2014 WL 4403363 at *5 (D.P.R. Sept. 8, 2014). See *Trafford v. City of Westbrook,* 256 F.R.D. 31, 33 (D. Me. 2009) (explaining how "an official capacity claim is not necessary when a Section 1983 claim is brought against a *municipality*"); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (explaining that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief").

4

The plaintiff's official capacity claims are simply not cognizable under § 1983. *Pierre v. Cristello,* 2017 WL 4768006, at *3 (D. Mass. Oct. 3, 2017); See also, *Dew v. City of Bos.,* 405 F. Supp. 3d 297, 301 (D. Mass. 2019) ("[A] state official acting in his official capacity cannot be sued for damages in a Section 1983 action." citing *Rafferty v. Cranston Pub. Sch. Comm.,* 315 F.3d 21, 28 (1st Cir. 2002).   The plaintiff cannot show that the relief he seeks in his official capacity claims against Dumais is any different from the relief he may obtain on his corresponding § 1983 claims against the Chicopee. Thus, the official capacity claims against Dumais are duplicative, are not actionable and should be dismissed.

> b.   *The Intentional Assault and Battery Claims against Dumais is Duplicative and Should be Dismissed.*

In Count IV, entitled "Assault and Battery", the plaintiff seeks recovery against Dumais for "an intentional unconsented offensive touching without privilege and as such, assault and battery as defined under the common law of the Commonwealth of Massachusetts." (Complaint at ¶ 67).  In Count V, entitled "Intentional Assault and Battery", the plaintiff seeks recovery against Dumais for "intentional acts of assault and battery conducted independently and jointly as defined under the common law of the Commonwealth of Massachusetts." (Complaint at ¶ 70).  Quite simply stated, there is no cognizable claim for "intentional" assault, as separate and distinct from a claim for assault and battery.  By definition, each are, individually and collectively, intentional torts.  The Intentional Assault and Battery claim against Dumais in Count V should be dismissed to avoid duplication and resulting potential confusion.

*c.  The Claims against the Chicopee Police Department are not Viable and Should be Dismissed.*

In Counts III and VI, the plaintiff attempts to assert various claims against the Chicopee Police Department under 42 U.S.C. § 1983.  A municipal police department is however not an entity subject to suit for purposes of an action § 1983.  *Douglas v. Boston Police Dep't*, No. C.A. 10-11049-WGY, 2010 WL 2719970, at *2 (D. Mass. July 1, 2010) (collecting cases and citing *Henschel v. Worcester Police Dep't, Worcester, Mass.*, 445 F.2d 624, 624 (1st Cir. 1971); *Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D. Mass. 1989).

Specifically, Section 1983 provides, in relevant part, that  "every *person* [emphasis added] who, under color of any statute, ordinance, regulation, custom or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...." 42 U.S.C. § 1983. The Chicopee Police Department is a department of the City of Chicopee, not a "person" under § 1983. Consequently, the City of Chicopee is not properly subject to suit in this case. *See Cronin v. Town of Amesbury*, 895 F. Supp. 375, 383 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in § 1983 action). "Claims directed at the conduct of a municipal police department must be brought against the municipality, which in this case is the [City of Chicopee]." *Halabi vs. Canton Police Dep't,* D. Mass., No. CV 17-10137-FDS (Mar. 7, 2017). "While a municipality is a

6

"person" for purposes of § 1983, to state a claim, the Complaint must allege that the [City of Chicopee's] 'execution of a government's policy or custom ... inflict[ed] the injury.'" *Id.* citing *Monell Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). The plaintiff's claims against the Chicopee Police Department are not viable and should therefore be dismissed.

      *d.   The Plaintiff has not Alleged Plausible* Monell *Claims against Chicopee.*

In Counts III and VI, the plaintiff attempts to assert various claims against Chicopee under 42 U.S.C. § 1983. In this context, Chicopee may not be held vicariously liable under 42 U.S.C. § 1983 for the acts of its employees or agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  However, under *Monell* and its progeny, a municipality can be liable for alleged constitutional deprivations that arise from a governmental policy or practice.  In addition to establishing a constitutional deprivation, to successfully maintain such a claim, the plaintiff must show (1) that the municipality had a custom, policy, or practice of failing to investigate, discipline, supervise, or train its officers; (2) that the custom, policy, or practice was such that it demonstrated a "deliberate indifference" to the rights of those citizens with whom its officers came into contact; and (3) that the custom, policy, or practice was the direct cause of the alleged constitutional violation. See *DiRico v. City of Quincy*, 404 F.3d 464, 468-69 (1st Cir. 2005) (internal quotations omitted); *see also City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Monell*, 436 U.S. at 690-92.

Here, the plaintiff has not made sufficient allegations of a specific policy or custom of Chicopee that directly caused the alleged constitutional violation.

The plaintiff has also failed to make sufficient allegations that Chicopee showed "deliberate indifference" to the rights of the citizens interacting with the police. To demonstrate deliberate indifference, the plaintiff must show "(1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) [defendant's] failure to take easily available measures to address the risk." *Camilo-Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir. 1998). State differently, the plaintiff is required to allege specific facts showing that the Chicopee knew or should have known that there was a grave risk that its police officers were depriving people of their constitutional rights, "but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies." *Gray v. Cummings*, 917 F.3d 1, 14 (1st Cir. 2019) (quoting *Haley v. City of Boston*, 657 F.3d 39, 52 (1st Cir. 2011)). To make such a showing of deliberate indifference, a plaintiff typically must demonstrate a pattern of similar constitutional violations that would have placed Chicopee on notice of the risk that its officers were behaving unconstitutionally. *Gray*, 917 F.3d at 14. Here, plaintiff has not demonstrated with specific allegations that Chicopee had actual or constructive knowledge of any similar constitutional violations. Accordingly, the Complaint fails to state a claim against Chicopee under 42 U.S.C. § 1983.

Turning to the plaintiff's failure to train claims, in limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights however is at its most tenuous where a claim turns on a failure to train. *Connick v. Thompson,* 563 U.S.

51, 61 (2011). "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. (quoting *Canton,* 489 U.S. at 388-89. " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick,* 563 U.S. at 61 (quoting *County Commr's of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997)). A plaintiff can prove deliberate indifference through a pattern of similar constitutional violations by untrained employees, but a pattern might not be necessary "in a narrow range of circumstances," *Bryan Cty.*, 520 U.S. at 409, such as those where "the unconstitutional consequences of failing to train could be so patently obvious." *Connick,* 563 U.S. at 64 (citing *Canton* where the Court considered the failure to train armed police officers in the constitutional limitation on the use of deadly force to be so predictable that it would reflect the city's deliberate indifference to a citizen's constitutional rights).

"When evaluating a municipal liability claim that requires proof of deliberate indifference, the plaintiff must plead more than a 'mere insufficiency' of the municipality's actions." *Tortorello v. Laconia Police Dep't,* No. 19-CV-250-PB, 2020 WL 2404859, at *2 (D.N.H. May 12, 2020) (quoting *Marrero-Rodríguez v. Municipality of San Juan,* 677 F.3d 497, 503 (1st Cir. 2012)). "Instead, 'a training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to

make such a showing.' " *Id.* (quoting Marrero-Rodriguez, 677 F.3d at 503).  See also

*Nevins v. Mancini,* No. CIV. 91-119-M, 1993 WL 764212, at *3 (D.N.H. Sept. 3, 1993)

("Generally, a failure to supervise only gives rise to § 1983 liability 'in those situations

where there is a history of widespread abuse[,][o]nly then may knowledge be imputed to

the supervisory personnel.' ") (citing *Wellington v. Daniels*, 717 F.2d 932, 936 (4th

Cir.1983)).

The plaintiffs Monell claims fall far short of meeting these stringent requirements.

The plaintiff's claims are comprised entirely of conclusory allegations.  Conspicuously

absent are any specific underlying factual allegations that support plaintiff's legal

conclusions. Plaintiffs fail to provide any details regarding Chicopee's policies,

supervisory practices, training programs, or how they directly lead to constitutionally

infirm actions.  Nor does the Complaint allege any facts from which the court might infer

that Chicopee disregarded a known risk or adhered to an official custom or practice with

such knowledge.

In this case, the plaintiff alleged no specific facts that would support a plausible

inference that the alleged excessive force employed by the defendant officers was the

product of or in accordance with an official policy or custom of the City of Chicopee or

the failure to train the officers allegedly involved.  More fundamentally, there is no

specific allegation that the plaintiff's alleged harm directly resulted from the deliberate

indifference of Chicopee.

The Complaint contains only labels and conclusions and formulaic recitations of

the buzz words associated with a *Monell* claim.  When the Court isolates and ignores

these legal labels and conclusions, the Complaint is insufficient to state plausible *Monell*

claims.   For all of these reasons, the *Monell* claims set forth against the City of Chicopee

should be dismissed.

### 5.   *Conclusion.*

For all of these reasons, the defendants, City of Chicopee, the Chicopee Police

Department and its police officer, Mickey Dumais, respectfully request, pursuant to Fed.

R. Civ. P. 12(b)(6), that the court dismiss the claims asserted against them as set forth

above.

Dated: July 14, 2021                         THE DEFENDANTS,
                                             City of Chicopee,
                                             Chicopee Police Department
                                             and Mickey Dumais,


                                             */s/ Mark J. Albano*
                                    By:_____
                                             Mark J. Albano, Esq.
                                             ALBANO LAW, LLC
                                             One Monarch Place, Suite 1330
                                             Springfield, MA  01144-1150
                                             Tel.: (413) 736-3500
                                             Fax.: (413) 746-9224
                                             B.B.O. No.:  013860
                                             email: mark@albanolawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, this document filed through the Electronic Case Filing System (ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that a paper copy shall be served upon those identified as nonregistered participants.

/s/ Mark J. Albano

_____
Mark J. Albano, Esq.