# ATTACHMENT B

## Andrew Gambaccini

**From:** Ryan McLane <ryan@mclanelaw.com>
**Sent:** Tuesday, December 1, 2020 2:16 PM
**To:** Andrew Gambaccini; John B. Stewart
**Cc:** Mark Albano
**Subject:** RE: Crane

Hey Andrew,

I will agree as to Count V but will not agree to dismiss Brunelle.

Dumais' testimony during the criminal trial, summarized on the complaint, is sufficient to establish a plausible claim – for us to say otherwise would concede that the takedown was lawful. It was not, and since he assisted with the unlawful takedown, he is jointly and severally liable with the other defendants, and that takedown (among others) would satisfy the elements of each claim. I don't see Brunelle getting dismissed on this, as one of his co-defendants' (Dumais') sworn testimony was the basis for the pleading:

```
 7   A    I exited my cruiser, and I ran over to where Officer
 8   Kozlowski was, because he was in a scuffle.
 9   Q    And who was he in a scuffle with?
10   A    The defendant, ma'am.
11   Q    Okay. And was there anybody else -- when Officer Kozlowski
12   was in the scuffle, was there another officer involved at the
13   time?
14   A    Officer Burnell (phonetic) was also there.
15   Q    Okay. And what was Officer Burnell -- what did you see him
16   doing?
17   A    He was also going to assist Officer Kozlowski.
18   Q    Okay. And what did you do in part of assisting Officer
19   Kozlowski in dealing with the defendant?
20   A    By the time I got to Officer Kozlowski, he had the
21   defendant somewhat under control. There was still a concern for
22   medical for the defendant. And medical was arriving right
23   behind me, so we started sitting the defendant up to get medical
24   attention.
```

Since Dumais implicates Brunelle in a 'scuffle' with the plaintiff, I think we will at least get through discovery on Brunelle. Therefore, I would oppose any motion to dismiss Brunelle as a party. In the meantime, John and I would be happy to sign the stip on Count V moving forward.

Thank you,

Ryan P. McLane, Esq.

1

McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(P) (413) 789-7771
(F) (413) 789-7731

CONFIDENTIALITY: This email, including any attachments, contains confidential and privileged information, for the sole use of the intended recipient(s). Any unauthorized use, distribution or disclosure by others is prohibited. If you are not the intended recipient or authorized to receive information for the recipient, please contact the sender by reply email and delete all copies of this message. Thank you.

**From:** Andrew Gambaccini <agambaccini@rja-law.com>
**Sent:** Tuesday, December 1, 2020 12:49 PM
**To:** Ryan McLane <ryan@mclanelaw.com>; John B. Stewart <thetrialer@aol.com>
**Cc:** Mark Albano <malbano@chicopeema.gov>
**Subject:** Crane

Good afternoon:

I've taken a look at the amended complaint and, in accordance with LR, D.Mass. 7.1, wanted to reach out to see if we can agree or narrow issues in advance of motion practice.

Specifically, there are two areas where I am contemplating a dispositive request. First, Count IV of the complaint advances an assault and battery claim against the individual officers and, in Count V, there is an intentional assault and battery claim. Those claims are duplicative in that an assault and a battery, and the combination of the two, are intentional torts. I noted that Count V appears to differ in that it asserts that actions were conducted independently and jointly, but that is not a basis for a separate cause of action. So, I would be moving to dismiss Count V of the amended complaint.

Second, Joseph Brunelle is named as a defendant in Counts I (a 1983 seizure claim), II (a 1983 excessive force claim), IV (assault and battery) and V (intentional assault and battery). The only factual allegation made against Brunelle is in paragraph forty-two, in which it is alleged that "Defendant Dumais stated that defendant Brunelle was also involved in trying to bring plaintiff to the ground." It does not seem to me that such an allegation renders Brunelle a plausible defendant on any theory. Accordingly, I would be moving to dismiss Brunelle as a defendant.

If you'd like to discuss the matter further, please let me know. If I don't hear from you, I will assume that you do not agree to the dismissal of Count V and the dismissal of Brunelle as a defendant and I will consider my 7.1 obligation discharged. I'll then file a motion by the response date. If you agree to the dismissal of Count V and the dismissal of Brunelle, let me know and I can put together an appropriate stipulation.

Thanks,

Andy

Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, Massachusetts 01609
Tel: 508.754.7285
Fax: 508.754.7220
Email: agambaccini@rja-law.com
Like us on Facebook: www.facebook.com/rjalaw

The information contained in this transmission, including any attachments, is privileged, confidential and intended solely for the recipient listed above. If you have received this transmission in error, please notify us immediately by email and delete the original message. The text of this email is similar to ordinary telephone or face-to-face conversations and does not reflect the level of factual or legal inquiry or analysis that would be applied in the case of a formal legal opinion.