UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANE, )<br>Plaintiff )<br> )<br>v. )<br> )<br>JOSEPH KOZLOWSKI, )<br>ERIC ORTIZ, MICKEY DUMAIS, )<br>JOSEPH BRUNELLE, )<br>CHICOPEE POLICE )<br>DEPARTMENT and )<br>THE CITY OF CHICOPEE, )<br>         Defendants    ) | CIVIL ACTION NO.  3: 20cv30159 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT, CITY OF CHICOPEE, CHICOPEE POLICE DEPARTMENT AND MICKEY DUMAIS' MOTION TO DISMISS**

Plaintiff filed this brief in opposition to defendants City of Chicopee, Chicopee Police Department and Mickey Dumais' Motion to Dismiss[1].

## BACKGROUND

Plaintiff's claims surround the excessive force used by Chicopee Police Officers against the plaintiff on October 6, 2018, during events for which he was subsequently charged with several crimes of which he was ultimately exonerated (many claims were either dismissed at trial or the Assistant District Attorney filed a Nolle Prosequi). In short, there was no evidence of criminal conduct, nor did any officer have probable cause to place the plaintiff under arrest. See Sec. Amend. Comp., ECF 28, ¶ 19, p. 4, Officer Kozlowski "had some gut feeling like they were

---

[1] With the exception of the dismissal of Count V, "Intentional Assault and Battery"

1

going to race or something like that," ¶ 28 p. 5, Kozlowski admitted at the plaintiff's criminal trial that he restrained plaintiff because of "you know, just his demeanor," and ¶ 45 p. 7, Kozlowski admitted during all takedowns and restraints prior to the final takedown of plaintiff, that he had neither saw, felt nor heard a firearm of plaintiff's person.

Yet despite this, and prior to defendants' claiming that they saw a firearm fall from plaintiff's person, defendants each participated in physically beating the plaintiff, including forcefully restraining, tackling, taken down with an "arm-bar" or otherwise subduing plaintiff at least five times (Sec. Amend. Comp., ECF 28, ¶ 44 p. 7). Each officer who testified at the criminal trial gave separate and different reasons for their physical beatings of the plaintiff. (Sec. Amend. Comp., ECF 28, ¶ 49 p. 8). Despite not having probable cause of any criminal conduct, Kozlowski stated that his use of an "arm-bar takedown" was a "defensive tactic". (Sec. Amend. Comp., ECF 35, ¶ 45 p. 6). Dumais in particular arrived on scene, saw that the plaintiff was being pinned to the ground and had to "take him [plaintiff] to the ground." (Sec. Amend. Comp., ECF 28, ¶ 40 p. 7). Dumais' apparent rationale for taking plaintiff to the ground was to try to "get him to seek medical attention." (Sec. Amend. Comp., ECF 28, ¶ 41 p. 7). Kozlowski's reasoning for restraining, conducting a "football tackle", and executing an arm-bar takedown on the plaintiff was "community caretaking," for "you know, safety of the public, safety of the person." (Sec. Amend. Comp., ECF 28, ¶ 36 p. 6).

After defendants had finished their beating of the plaintiff, they stated that a firearm fell from plaintiff's person, although none of them saw it fall. (Sec. Amend.

2

Comp., ECF 28, ¶ 43 p. 7). The they then charged plaintiff with seven different crimes. He was not found guilty of a single one.

## ARGUMENT

### I. DEFENDANTS MAY BE SUED IN THEIR OFFICIAL CAPACITY

Plaintiff brought suit against all individual defendants "individually and in their official capacities." (Sec. Amend. Comp., ECF 28, ¶ 8 p. 2). They can be sued under 42 U.S.C. ¶ 1983, as they were acting under the color of law. The defendant cites the *Opalenik* v. *LaBrie,* F.Supp.2d 153, 158 (D. Mass. 2007), which found that the official capacity claims against the specific officers were redundant as to claims against the municipalities, however the redundancy was found only for identical claims brought against both the officers in their official capacity and the municipality, for the "same claims". *Id.* Here, plaintiff brings different counts and allegations against the individual defendants, including violations of plaintiff's Fourth and Fourteenth Amendment Rights (Count I), Excessive Force (Count II) and the municipal defendants, including Failure to Recruit, Train, Discipline and Supervise (Count III) and constitutional deprivations from the City's policies (Count VI). Therefore, the counts brought against individual defendants in their official capacities should not be dismissed.

### II. INTENTIONAL ASSAULT AND BATTERY

Plaintiff does not oppose dismissal of Count V.

### III. PLAINTIFF'S *MONELL* CLAIMS AGAINST CITY OF CHICOPEE SHOULD STAND, AS PLAINTIFF HAS PLEAD SUFFICIENT FACTS TO ESTABLISH A PLAUSIBLE CAUSE OF ACTION

3

"Evaluating the plausibility of a pleaded scenario is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Haley* v. *Boston*, 657 F.3d 39, 52 (1st Cir. 2011), quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 677, (2009). "Triggering municipal liability on a claim of failure to train requires a showing that municipal decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies." *Id.*

Plaintiff has plead sufficient facts, absent the availability of discovery at this stage in the litigation, to show that that the City of Chicopee "(1) had a custom, policy, or practice of failing to investigate, discipline, supervise, or train its officers; (2) this custom, policy, or practice was such that it demonstrated a "deliberate indifference" to the rights of those citizens with whom its officers came into contact; and (3) the custom, policy, or practice was the direct cause of the alleged constitutional violation." *DiRico v. City of Quincy*, 404 F.3d 464, 468-69 (1st Cir. 2005).

Based on the factual allegations contained within the complaint, plaintiff has met his burden to survive a 12(b)(6) Motion to Dismiss. His well plead facts should be taken as true. *Genzyme Corp* v. *Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010). Four Chicopee Police Officers physically beat the plaintiff before he was ever placed under arrest or probable cause established. This happened five times (Sec. Amend. Comp., ECF 28, ¶ 44 p. 7). First, Kozlowski followed the plaintiff because he had a "gut feeling" that he was going to race. He restrained the plaintiff without probable

4

cause because of his interpretation of plaintiff's "demeanor" (Sec. Amend. Comp., ECF 28, ¶ 45 p. 7). Each officer who testified at plaintiff's criminal trial gave separate reason for restraining and using force against the plaintiff without placing him under arrest. (Sec. Amend. Comp., ECF 28, ¶ 49 p. 8) Officer Kozlowski stated that it was a "community caretaking" rationale, while officer Dumais stated that he was attempting to get the plaintiff to "seek medical attention." (Sec. Amend. Comp., ECF 28, ¶ 41, 44 p. 7).

Further, this Court may take judicial notice of certain facts not directly pleaded within the plaintiff's Complaint. *Grajales* v. *Puerto Rico Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). First, plaintiff does provide the docket number for his Chicopee District Court state criminal case, 1820CR1589, which allows this Court to take judicial notice of, not the facts supporting the charges, but the charges themselves. Thus, the Court can take judicial notice of the fact that plaintiff was charged with resisting arrest and reckless operation of a motor vehicle, speeding and assault and battery on a police officer, among others. Thus, the Court may also take judicial notice of the fact that all charges not related to firearms were dismissed or a Nolle Prosequi filed, and not guilty verdicts were rendered on the firearms charges. Plaintiff did plead, in this matter, that defendant Kozlowski, the first on the scene of the accident, admitted at plaintiff's criminal trial that there were no eyewitness accounts to plaintiff's accident. (Sec. Amend. Comp., ECF 28, ¶ 21 p. 4).

Subsequent to this case being filed, yet before this Second Amended Complaint was filed, a § 1983 complaint with similar allegations was filed against, among others, Mickey Dumais and the City of Chicopee. *Augustine* v. *City of Chicopee*, No. 3:20-cv-30177 (D. Mass. 2021). This Court can thus take judicial notice of this matter to "confirm the fact of filing" without discerning the truth of the facts asserted. *Winget* v. *JP Morgan Chase Bank, N.A.* 537 F.3d 565, 576 (6th Cir. 2008). Plaintiff is not asking that this Court do anything other than acknowledge the criminal charges placed on the plaintiff and the result of the adjudication of those charges, and the fact that another case with similar allegations has been filed against the defendants here seeking dismissal based on failure to state a claim surrounding *Monell* violations.

The Police Officers' actions demonstrate a failure to train, along with a municipal policy, including, but not limited to the following:

1. restraining plaintiff prior to any probable cause or evidence of criminal conduct, but rather on a "gut feeling" and an officer's view of plaintiff's "demeanor";
2. knowingly using defensive tactics on the plaintiff, who was not under arrest nor attacking the officer;
3. conducting an "arm-bar takedown" of the plaintiff without any probable cause that a crime had been committed;
4. football tacking of the plaintiff without any probable cause that a crime had been committed;

5. officers' failure to have any sufficient reason for their beating of the plaintiff, with one officer (Dumais) stating it was an attempt to get plaintiff to seek medical attention, and another stating that it was for community caretaking[2];

6. charging the plaintiff with the crime of reckless operation of a motor vehicle when there were no witnesses (the charge was ultimately dismissed);

7. charging the plaintiff with resisting arrest, when officer Kozlowski admitted he was never under arrest (a Nolle Prosequi was entered);

8. charging the plaintiff with assault and battery on a police officer when the officers testified that it was they that were taking physical force against the plaintiff; and

9. specific to officer Dumais, arriving on scene and simply joining in the physical force without any knowledge as to the facts of the situation.

Every single one of those incidents were alleged in the plaintiff's Second Amended Complaint. Thus, with all of the facts alleged, and this Court's ability to take judicial notice that 1 § 1983 case against the City of Chicopee and Mickey Dumais has been filed in a separate action, plaintiff's *Monell* claims step "past the line of possibility into the realm of plausibility." *Haley*, supra.

---

[2] A third officer did testify and gave a different reason, as alleged in the complaint. That officer's reason was not specifically pleaded, yet it is an important and relevant factual allegation nonetheless.

## IV. CONCLUSION

Defendant's Motion should therefore be denied, except as to the Intentional Assault and Battery claim, as plaintiff has alleged fact sufficient under *Monell*.

Plaintiff,
by his attorney,
     /s/ Ryan P. McLane, Esq.
Ryan P. McLane (BBO # 697464)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
Ph. (413) 789-7771
Fax (413) 789-7731
E-mail: ryan@mclanelaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the above document was served upon the attorneys of record by ECF and the plaintiff by electronic mail on October 18, 2021.

/s/ Ryan P. McLane
Ryan P. McLane, Esq.

# EXHIBIT A

# 1820CR001589 Commonwealth vs. Crane, Matthew E

- Case Type:
- Criminal
- Case Status:
- Closed
- File Date
- 10/09/2018
- DCM Track:
- 
- Initiating Action:
- LICENSE SUSPENDED, OP MV WITH, SUBSQ. OFF. c90 §23
- Status Date:
- 01/30/2020
- Case Judge:
- 
- Next Event:
- 

All Information | Party | Charge | Event | Docket | Disposition

## Party Information

**Crane, Matthew E**
- Defendant

**Alias**

**Party Attorney**
- Attorney
- McLane, Esq., Ryan Patrick
- Bar Code
- 697464
- Address
- McLane and McLane, LLC
  269 South Westfield St
  Feeding Hills, MA  01030
- Phone Number
- (413)789-7771

**More Party Information**

## Party Charge Information

- **Crane, Matthew E**
- - Defendant
  **Charge # 1:**
    90/23/E-2 - Misdemeanor - more than 100 days incarceration     LICENSE SUSPENDED, OP MV WITH, SUBSQ. OFF. c90 §23

- Original Charge
  - 90/23/E-2 LICENSE SUSPENDED, OP MV WITH, SUBSQ. OFF. c90 §23
    (Misdemeanor - more than 100 days incarceration)
  - Amended Charge
  - 

  **Charge Disposition**
  Disposition Date
  Disposition
  01/30/2020
  Dismissed

- **Crane, Matthew E**
- - Defendant
  **Charge # 2:**
    90/24/O-0 - Misdemeanor - more than 100 days incarceration     RECKLESS OPERATION OF MOTOR VEHICLE c90 §24(2)(a)

- Original Charge

- 90/24/O-0 RECKLESS OPERATION OF MOTOR VEHICLE c90 §24(2)(a) (Misdemeanor - more than 100 days incarceration)
- Amended Charge

  **Charge Disposition**
  Disposition Date
  Disposition
  01/30/2020
  Dismissed

- **Crane, Matthew E**
- - Defendant
  **Charge # 3:**
  **90/17/E-0 - Civil Motor Vehicle Infraction**   SPEEDING RATE OF SPEED GREATER THAN WAS REASONABLE AND PROPER c90 §17

- Original Charge
- 90/17/E-0 SPEEDING RATE OF SPEED GREATER THAN WAS REASONABLE AND PROPER c90 §17 (Civil Motor Vehicle Infraction)
- Amended Charge

  **Charge Disposition**
  Disposition Date
  Disposition
  01/30/2020
  Not Responsible

- **Crane, Matthew E**
- - Defendant
  **Charge # 4:**
  **269/10/J-1 - Felony**   FIREARM, CARRY WITHOUT LICENSE c269 §10(a)

- Original Charge
- 269/10/J-1 FIREARM, CARRY WITHOUT LICENSE c269 §10(a) (Felony)
- Amended Charge

  **Charge Disposition**
  Disposition Date
  Disposition
  01/30/2020
  Not Guilty Verdict

- **Crane, Matthew E**
- - Defendant
  **Charge # 5:**
  **269/10/G-2 - Misdemeanor - more than 100 days incarceration**   FIREARM WITHOUT FID CARD, POSSESS c269 s.10(h)

- Original Charge
- 269/10/G-2 FIREARM WITHOUT FID CARD, POSSESS c269 s.10(h) (Misdemeanor - more than 100 days incarceration)
- Amended Charge

  **Charge Disposition**
  Disposition Date
  Disposition
  01/30/2020
  Not Guilty Verdict

Load Party Charges 6 through 7   Load All 7 Party Charges

| **Events** | | | | |
|---|---|---|---|---|
| **Date** | **Session** | **Location** | **Type** | **Result** |
| 10/09/2018 08:30 AM | Administrative Session | | Arraignment | Held - Bail or Conditions of Release ordered |
| 11/09/2018 08:30 AM | Administrative Session | | Pretrial Hearing | Reschedule of Hearing |
| 01/24/2019 08:30 AM | Administrative Session | | Pretrial Hearing | Reschedule of Hearing |

| Date | Session | Location | Type | Result |
|---|---|---|---|---|
| 03/29/2019 08:30 AM | Administrative Session | | Pretrial Hearing | Reschedule of Hearing |
| 06/07/2019 08:30 AM | Administrative Session | | Pretrial Hearing | Reschedule of Hearing |
| 08/23/2019 08:30 AM | Administrative Session | | Pretrial Hearing | Held-PT |
| 10/04/2019 08:30 AM | Administrative Session | | Motion to suppress | Not Held |
| 01/17/2020 08:30 AM | Trial Session | | First Appearance in Trial Session (CR) | Held |
| 01/30/2020 08:30 AM | Trial Session | | Jury Trial (CR) | Held - Jury Verdict |

### Docket Information

| Docket Date | Docket Text | Image Avail. |
|---|---|---|
| 10/09/2018 | Complaint issued upon new arrest. | |
| 10/09/2018 | Event Resulted:  Arraignment scheduled on:<br>    10/09/2018 08:30 AM<br>Has been: Held - Bail or Conditions of Release ordered<br>Bethzaida Sanabria-Vega, Presiding<br>Appeared:<br>Staff: | |
| 10/09/2018 | Defendant arraigned before Court, advised of right to counsel.<br>Arraignment held at Baystate Hospital<br>Judge: Sanabria-Vega, Bethzaida<br><br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Committee for Public Counsel Services appointed.<br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Plea of Not Guilty entered on all charges.<br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Reasons for ordering bail.<br>Judge: Sanabria-Vega, Bethzaida | Image |
| 10/09/2018 | Bail ordered: $ $15,000.00 surety bond or $ $1,500.00 cash.<br><br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Defendant notified of right to a bail review before the Superior Court (C276 §58).<br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Bail revocation warning (276/58) given to the defendant<br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Appearance filed<br>On this date Ryan Patrick McLane, Esq. added as Appointed - Indigent Defendant for Defendant Matthew E Crane<br>Appearance filed  for the purpose of Case in Chief by Judge Bethzaida Sanabria-Vega. | |
| 10/09/2018 | Legal Counsel Fee Waived.<br>Judge: Sanabria-Vega, Bethzaida | |
| 10/09/2018 | Judicial finding regarding assessment or waiver of monies in criminal case filed.<br>Judge: Sanabria-Vega, Bethzaida | Image |
| 10/09/2018 | Defendant is ordered committed to Hampden County House of Correction in lieu of having posted bail in the amount ordered: ($15,000.00 Bond; $1,500.00 Cash), returnable for 11/09/2018 08:30 AM Pretrial Hearing; mittimus issued.<br><br>Court location of next event (if not your court): | |

| Docket Date | Docket Text | Image Avail. |
|---|---|---|
| | Further Orders:<br>DEFT IS CURENTLY AT BAYSTATE HOSPITAL<br><br>Judge: Sanabria-Vega, Bethzaida | |
| 11/09/2018 | Event Resulted:  Pretrial Hearing scheduled on:<br>            11/09/2018 08:30 AM<br>Has been: Reschedule of Hearing        For the following reason: Both Parties Request<br>Bethzaida Sanabria-Vega, Presiding<br>Appeared:<br>Staff: | |
| 11/09/2018 | Pretrial conference report filed.<br><br>Judge: Sanabria-Vega, Bethzaida<br><br>Judge: Sanabria-Vega, Bethzaida | Image |
| 01/24/2019 | Event Resulted:  Pretrial Hearing scheduled on:<br>            01/24/2019 08:30 AM<br>Has been: Reschedule of Hearing        For the following reason: Both Parties Request<br>Bethzaida Sanabria-Vega, Presiding<br>Appeared:<br>Staff: | |
| 01/24/2019 | Pretrial conference report filed.<br><br>Judge: Sanabria-Vega, Bethzaida | Image |
| 01/24/2019 | Defendant's motion for exparte approval of funds for an Investigator, not to exceed $500 filed and ALLOWED. | Image |
| 03/29/2019 | Event Resulted:  Pretrial Hearing scheduled on:<br>            03/29/2019 08:30 AM<br>Has been: Reschedule of Hearing        For the following reason: Both Parties Request<br>Hon. Matthew J. Shea, Presiding<br>Appeared:<br>Staff: | |
| 03/29/2019 | Pretrial conference report filed.<br><br>Judge: Shea, Hon. Matthew J. | Image |
| 03/29/2019 | Motion for exparte approval of funds to Obtain a Firearms Expert ALLOWED. | Image |
| 06/07/2019 | Event Resulted:  Pretrial Hearing scheduled on:<br>            06/07/2019 08:30 AM<br>Has been: Reschedule of Hearing        For the following reason: Both Parties Request<br>Hon. Bruce S Melikian, Presiding<br>Appeared:<br>         Defendant       Matthew E Crane<br>                   Ryan Patrick McLane, Esq., Appointed - Indigent Defendant | |
| 06/07/2019 | Pretrial conference report filed.<br><br>Judge: Melikian, Hon. Bruce S | Image |
| 06/07/2019 | Defendant's motion for Independent Testing & Analysis of Alleged Firearm filed and ALLOWED. | Image |
| 08/23/2019 | Event Resulted:  Pretrial Hearing scheduled on:<br>            08/23/2019 08:30 AM<br>Has been: Held-PT<br>Bethzaida Sanabria-Vega, Presiding<br>Appeared:<br>         Defendant       Matthew E Crane<br>                   Ryan Patrick McLane, Esq., Appointed - Indigent Defendant | |
| 08/23/2019 | Pretrial conference report filed.<br><br>Judge: Sanabria-Vega, Bethzaida | Image |

| Docket Date | Docket Text | Image Avail. |
|---|---|---|
| 10/04/2019 | Event Resulted:  Motion to suppress scheduled on:<br>          10/04/2019 08:30 AM<br>Has been: Not Held<br>Bethzaida Sanabria-Vega, Presiding<br>Appeared:<br>          Defendant     Matthew E Crane<br>                    Ryan Patrick McLane, Esq., Appointed - Indigent Defendant | |
| 10/04/2019 | Motion to Suppress withdrawn.<br><br>Judge: Sanabria-Vega, Bethzaida | |
| 10/04/2019 | Pretrial conference report filed.<br><br>Judge: Sanabria-Vega, Bethzaida | Image |
| 01/17/2020 | Event Resulted:  First Appearance in Trial Session (CR) scheduled on:<br>          01/17/2020 08:30 AM<br>Has been: Held<br>Hon. Paul M Vrabel, Presiding<br>Appeared:<br>          Defendant     Matthew E Crane<br>                    Ryan Patrick McLane, Esq., Appointed - Indigent Defendant | |
| 01/17/2020 | Defendant's motion in Limine to have Reasonable Doubt Charge Given Last filed with the following, if any, supporting documents: | Image |
| 01/17/2020 | Defendant's motion in Limine to Exclude Defts Prior Convictions filed with the following, if any, supporting documents: | Image |
| 01/17/2020 | Defendant's motion to have Atty Conducted Voir Dire filed with the following, if any, supporting documents: | Image |
| 01/17/2020 | Commonwealth's motion in Limine to allow in court ID of Deft filed and ALLOWED. | Image |
| 01/30/2020 | Event Resulted:  Jury Trial (CR) scheduled on:<br>          01/30/2020 08:30 AM<br>Has been: Held - Jury Verdict<br>Hon. Bruce S Melikian, Presiding<br>Appeared:<br>          Defendant     Matthew E Crane<br>                    Ryan Patrick McLane, Esq., Appointed - Indigent Defendant | |
| 01/30/2020 | Defendant's motion in Limine to Exclude Deft's Prior Convictions filed and ALLOWED. | Image |
| 01/30/2020 | Commonwealth reports ready for trial.<br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | Defendant's motion in Limine to have  Reasonable Doubt Charge Given Last filed and ALLOWED. | Image |
| 01/30/2020 | Defendant's list of witnesses filed.<br>Judge: Melikian, Hon. Bruce S | Image |
| 01/30/2020 | Defendant's motion to sequester witnesses filed and ALLOWED. | Image |
| 01/30/2020 | Witnesses other than parties ordered sequestered..<br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | Defendant's motion for Attorney Conducted Voir Dire filed and DENIED. | Image |
| 01/30/2020 | Defendant's motion for required finding of Not Guilty in writing filed and ALLOWED IN PART, DENIED IN PART. | Image |
| 01/30/2020 | Charges Disposed::<br>Charge # 1 LICENSE SUSPENDED, OP MV WITH, SUBSQ. OFF. c90 §23<br>          On: 01/30/2020     Judge: Hon. Bruce S Melikian<br>          Dismissed<br><br>Charge # 2 RECKLESS OPERATION OF MOTOR VEHICLE c90 §24(2)(a)<br>          On: 01/30/2020     Judge: Hon. Bruce S Melikian<br>          Dismissed<br><br>Charge # 3 SPEEDING RATE OF SPEED GREATER THAN WAS REASONABLE AND PROPER  c90 §17 | |

| Docket Date | Docket Text | Image Avail. |
|---|---|---|
| | On: 01/30/2020    Judge: Hon. Bruce S Melikian<br>Not Responsible<br><br>Charge # 4 FIREARM, CARRY WITHOUT LICENSE c269 s.10(a)<br>    On: 01/30/2020    Judge: Hon. Bruce S Melikian<br>    Not Guilty Verdict<br><br>Charge # 5 FIREARM WITHOUT FID CARD, POSSESS c269 s.10(h)<br>    On: 01/30/2020    Judge: Hon. Bruce S Melikian<br>    Not Guilty Verdict<br><br>Charge # 6 A&B ON POLICE OFFICER c265 §13D<br>    On: 01/30/2020    Judge: Hon. Bruce S Melikian<br>    Dismissed<br><br>Charge # 7 RESIST ARREST c268 §32B<br>    On: 01/30/2020    Judge: Hon. Bruce S Melikian<br>    Nolle Prosequi<br><br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | Jurors impaneled and sworn. Juror list filed<br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | List of Jurors rendering verdict filed<br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | Jury verdict slip filed.<br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | All charges disposed - No future events - Defendant discharged.<br>Judge: Melikian, Hon. Bruce S | |
| 01/30/2020 | Docket report of court proceedings to date<br><br>Judge: Melikian, Hon. Bruce S | Image |

### Case Disposition

| Disposition | Date |
|---|---|
| Disposed by Jury Verdict | 01/31/2020 |