## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MATTHEW CRANE,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.  3: 20cv30159** |
| ) | |
| **JOSEPH KOZLOWSKI,** ) | |
| **ERIC ORTIZ, MICKEY DUMAIS,** ) | |
| **JOSEPH BRUNELLE,** ) | |
| **CHICOPEE POLICE** ) | |
| **DEPARTMENT and** ) | |
| **THE CITY OF CHICOPEE,** ) | |
| **Defendants** ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Matthew Crane OPPOSED defendant Joseph Brunelle's Motion to

Dismiss. Plaintiff incorporates by reference the "official capacity" arguments

outlined in his opposition to the City of Chicopee's Motion to Dismiss. Thus, in

support of his opposition to defendant Joseph Brunelle's Motion to Dismiss, the

Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading

standard Rule 8 does not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Thus, it is unclear just how many paragraphs

dedicated to one party defendant feels are lawfully required to meet a "short and

plain statement of the claim showing that the pleader is entitled to relief" under

Fed. R. Civ. P. 8(2). Plaintiff specifically pleaded: "Defendant Brunelle, who had

arrived and was present on scene, also joined in and participated in unlawfully

pinning plaintiff to the ground, *using unlawful and excessive physical force to assist the other individual defendants in bringing plaintiff down*. (Comp., ECF 1, ¶ 42, p. 7 emphasis added). Defendant fails to cite to any authority that requires specific facts, such as which hands the defendant used and what specific part of the body defendant touched on the plaintiff that would be required at the pleading stage of litigation[1]. Additionally, the claims against defendant incorporated all factual allegations, including Count IV (Assault and Battery), stating that Brunelle's actions, among others, "constituted an intentional unconsented offensive touching without privilege…" for which plaintiff "suffered great pain of body and mind and was otherwise damaged." Defendant's entire memorandum fails to show that plaintiffs pleading did not meet the Rule 8 threshold.

Plaintiff did not testify at his criminal trial, so the transcript would not contain his own testimony regarding the facts of this case. Strict reliance on a transcript as a means of substantiating a pleading is not supported by any law. An affidavit of counsel is attached to this opposition with respect to emails between attorneys that were exchanged in conference and partially included in defendant's Memorandum that should assist the Court in clearing up defendant's assertion that plaintiff has no other basis than a trial transcript to support his claims.

---

[1] Plaintiff's pleading also made clear that he was being beaten by multiple officers. It is unreasonable to believe that he would be able to give a precise, second by second account of what measure of force was used and what body party, etc., in an initial pleading as the defendant is suggesting here.

Plaintiff therefore requests this Court to DENY defendant Joseph Brunelle's Motion to Dismiss.

Plaintiff, by his attorney,

/s/ Ryan P. McLane, Esq.
Ryan P. McLane (BBO # 697464)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
Ph. (413) 789-7771
Fax (413) 789-7731
E-mail: ryan@mclanelaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the above document was served upon the attorneys of record by ECF and the plaintiff by electronic mail on October 28, 2021.

/s/ Ryan P. McLane
Ryan P. McLane, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MATTHEW CRANE,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.   3: 20cv30159** |
| ) | |
| **JOSEPH KOZLOWSKI,** ) | |
| **ERIC ORTIZ, MICKEY DUMAIS,** ) | |
| **JOSEPH BRUNELLE,** ) | |
| **CHICOPEE POLICE** ) | |
| **DEPARTMENT and** ) | |
| **THE CITY OF CHICOPEE,** ) | |
| **Defendants** ) | |

### AFFIDAVIT OF COUNSEL

I, Ryan P. McLane, Esq., I declare under penalty of perjury that the foregoing is true and correct.

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts.

2. I represent Matthew Crane, the plaintiff in the above-numbered matter.

3. When emailing with defendant Brunelle's counsel, I attempted to first call him in an effort to conference regarding amending the plaintiff's first Complaint with respect to the allegations against him (Exhibit A, December 23, 2020 email).

4. Defendant's counsel emailed me back indicating he had questions regarding my proposed amendment and indicated that adding additional facts could be problematic.

5. I then explained that I had a good faith basis to move forward, aside from defendant Dumais' statement.

6. Defendant's counsel replied that he would not consent to an amendment, with his reasoning being that the record from the criminal trial did not support any additional factual allegations.

7. I will attest that prior to sending the email on December 24, 2021, I spoke with my client regarding the facts of the case and defendant Brunelle's Motion to Dismiss. My conversation with him provided me a good faith basis to amend the complaint with the facts that were alleged, namely that Brunelle aided the other defendants in using excessive physical force by physically bringing plaintiff to the ground.

8. Any reference to the record being the "basis" of the complaint was not meant by me to indicate that my client otherwise would not be able to testify as to the specific facts, or that he lacked personal knowledge of the facts contained within the complaint.

9. I chose to include that language because I had a testimonial record, which I believed would bolster, not hinder, asserted facts in a complaint.

10. I am willing to amend the Complaint a third time, but feel it is entirely unnecessary.

Executed on 10/28/21

_____/s/ Ryan P. McLane ____

Ryan P. McLane

# EXHIBIT A

**Subject:** Re: Crane v. City of Chicopee
**Date:** Saturday, December 26, 2020 at 11:26:27 AM Eastern Standard Time
**From:** Andrew Gambaccini
**To:** Ryan McLane, Mark Albano, John B. Stewart, John B. Stewart

I will not consent and would oppose any motion to amend. As the motion to dismiss material pointed out, there is a substantial disconnect between what Dumais' testimony actually was as to Brunelle (which amounts to two questions and answers) and what your pleading said. With this proposed iteration of the complaint, you are adding additional facts that do not have record support. Specifically, you accuse Brunelle of participating in pinning Crane to the ground. Dumais certainly never said that. His testimony was that Brunelle was "there" and was going to assist Kozlowski. If you look at the testimony, Dumais gave no testimony that Brunelle ever touched Crane. Since that is the basis for your claims against Brunelle, these newly-minted allegations also do not have any support.

Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, Massachusetts 01609
Tel: 508.754.7285
Fax: 508.754.7220
Email: agambaccini@rja-law.com
Like us on Facebook: www.facebook.com/rjalaw

The information contained in this transmission, including any attachments, is privileged, confidential and intended solely for the recipient listed above. If you have received this transmission in error, please notify us immediately by email and delete the original message. The text of this email is similar to ordinary telephone or face-to-face conversations and does not reflect the level of factual or legal inquiry or analysis that would be applied in the case of a formal legal opinion.

---

**From:** Ryan McLane <ryan@mclanelaw.com>
**Date:** Thursday, December 24, 2020 at 10:41 AM
**To:** Andrew Gambaccini <agambaccini@rja-law.com>, Mark Albano <malbano@chicopeema.gov>, "John B. Stewart" <thetrialer@aim.com>, "John B. Stewart" <thetrialer@aol.com>
**Subject:** RE: Crane v. City of Chicopee

Hey Andrew,

I would amend the complaint to cure any deficiencies that you alleged in your motion to dismiss. We have a good faith basis to move forward on this. I figured using Dumais' statement would suffice (and still do), but rather than litigate the issue, I can just amend the complaint to make the allegations more specific. What problems were caused in your previous case?

Also, Rule 15 allows for amendment by written consent of opposing party, so I have attached a copy for your review. If you are agreeable, we can do it that way.

Thank you,

Ryan P. McLane, Esq.

McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(P) (413) 789-7771
(F) (413) 789-7731

CONFIDENTIALITY: This email, including any attachments, contains confidential and privileged information, for the sole use of the intended recipient(s). Any unauthorized use, distribution or disclosure by others is prohibited. If you are not the intended recipient or authorized to receive information for the recipient, please contact the sender by reply email and delete all copies of this message. Thank you.

**From:** Andrew Gambaccini <agambaccini@rja-law.com>
**Sent:** Wednesday, December 23, 2020 3:04 PM
**To:** Ryan McLane <ryan@mclanelaw.com>; Mark Albano <malbano@chicopeema.gov>; John B. Stewart <thetrialer@aim.com>; John B. Stewart <thetrialer@aol.com>
**Subject:** RE: Crane v. City of Chicopee

Received.  I am not clear on the amendment piece, are you amending to drop Brunelle as a defendant?

If not, what is the potential amendment?  I ask only because I had a case years ago in which I moved to dismiss and counsel on the other side then sought to amend the complaint to add a number of asserted facts that previously had not been alleged against the moving defendant.  That was problematic for a number of reasons.

Thanks,

Andy

Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, Massachusetts 01609
Tel:  508.754.7285
Fax: 508.754.7220
Email: agambaccini@rja-law.com
Like us on Facebook:  www.facebook.com/rjalaw

The information contained in this transmission, including any attachments, is privileged, confidential and intended solely for the recipient listed above.  If you have received this transmission in error, please notify us immediately by email and delete the original message.  The text of this email is similar to ordinary telephone or face-to-face conversations and does not reflect the level of factual or legal inquiry or analysis that would be applied in the case of a formal legal opinion.

**From:** Ryan McLane <ryan@mclanelaw.com>
**Sent:** Wednesday, December 23, 2020 2:51 PM
**To:** Andrew Gambaccini <agambaccini@rja-law.com>; Mark Albano <malbano@chicopeema.gov>; John B. Stewart <thetrialer@aim.com>; John B. Stewart <thetrialer@aol.com>
**Subject:** Crane v. City of Chicopee

Hey Andrew,

I have reviewed your memorandum – I think the best course of action would be to amend the complaint, so I will be filing the motion after Christmas – our deadline looks to be Monday 12/28 to oppose the 12(b)(6). Additionally, I left you a voicemail on the matter, but that notice of partial dismissal is fine to submit as is.

Thank you,

Ryan P. McLane, Esq.
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(P) (413) 789-7771
(F) (413) 789-7731

CONFIDENTIALITY: This email, including any attachments, contains confidential and privileged information, for the sole use of the intended recipient(s). Any unauthorized use, distribution or disclosure by others is prohibited. If you are not the intended recipient or authorized to receive information for the recipient, please contact the sender by reply email and delete all copies of this message. Thank you.